# Exhibit 4




UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/164,777 | 10/01/1998 | MIKI MULLOR | REINC4237.01 | 7068 |

7590        01/15/2002

SPENCER AND FRANK
SUITE 300 EAST
1100 NEW YORK AVENUE NW
WASHINGTON, DC  200053955

| EXAMINER |
|---|
| HEWITT II, CALVIN L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2161 | 12 |

DATE MAILED: 01/15/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

H. G

ANCORA_00000421

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/164,777 | MULLOR ET AL. |
| | Examiner | Art Unit |
| | Calvin L Hewitt II | 2161 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒  Responsive to communication(s) filed on <u>14 November 2001</u> .

2a)☐  This action is **FINAL**.          2b)☒  This action is non-final.

3)☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒  Claim(s) <u>1-23</u> is/are pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐  Claim(s) _____ is/are allowed.

6)☒  Claim(s) <u>1-23</u> is/are rejected.

7)☐  Claim(s) _____ is/are objected to.

8)☐  Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐  The specification is objected to by the Examiner.

10)☐  The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐  The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

　　If approved, corrected drawings are required in reply to this Office action.

12)☐  The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All  b)☐ Some *  c)☐ None of:

　　　　1.☐  Certified copies of the priority documents have been received.

　　　　2.☐  Certified copies of the priority documents have been received in Application No. _____ .

　　　　3.☐  Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

14)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

　　a) ☐ The translation of the foreign language provisional application has been received.

15)☐  Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>11</u> .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

Application/Control Number: 09/164,777                                         Page 2
Art Unit: 2161

## Status of Claims

1.          Claims 1-23 have been examined.

## Claim Rejections - 35 USC § 112

2.          The following is a quotation of the first paragraph of 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

3.          Claims 11, 12, 15 and 16 are rejected under 35 U.S.C. 112, first

paragraph, as containing subject matter which was not described in the

specification in such a way as to enable one skilled in the art to which it pertains,

or with which it is most nearly connected, to make and/or use the invention.

            Claims 11, 12 and 15 are rejected as flash memory is a type of EEPROM.

Flash memory can be used as a computer BIOS. Therefore, a computer BIOS

would not contain an EEPROM and/or ROM section.

            Claim 16 is rejected because a key cannot be simultaneously "unique" and

"pseudo-unique".

Application/Control Number: 09/164,777                                    Page 3
Art Unit: 2161

4.        The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

5.        Claims 20 and 21 are rejected under 35 U.S.C. 112, second paragraph, as

being indefinite for failing to particularly point out and distinctly claim the subject

matter which applicant regards as the invention.

          Claim 20 recites, "loading a software program residing in volatile memory

area of the computer". This limitation would not be clear to one of ordinary skill as

the software would have to be loaded a priori in order to reside in volatile

memory.

          Claim 21 is rejected because it depends from claim 20.


### *Claim Rejections - 35 USC § 103*


6.        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for

all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
>
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

ANCORA_00000424

Application/Control Number: 09/164,777                                    Page 4
Art Unit: 2161

7.          Claims 1-23 have been rejected under 35 U.S.C. 103(a) as being

unpatentable over Misra et al., U.S. Patent No. 6,189,146, Goldman et al., U.S.

Patent No. 5,684,951. and Ewertz et al., U.S. Patent No. 5,479,639.

            Misra et al. teach a system and method for software licensing that

comprises:

- selecting a program from volatile memory (figure 2)

- using data stored in various memory locations to implement the
  system (figure 2; column 5, lines 2-67)

- using an agent to set up a verification structure in computer
  memory where structure data includes a license record (column 4,
  lines 14-20 and 49-67; column 11, lines 45-59; column 12, lines 8-
  31)

- verifying and acting on the program according to the verification
  structure (e.g. software license) (column/line 13/65-14/53;
  column/line 14/54-17/40)

- a licensing authentication bureau in a two-way connection with a
  computer that handles requests for licenses (where license data
  includes computer identification and  license record contents),
  encrypts a request for license (e.g. license) using computer
  identification, performs license validation and transfers a license to
  a computer (figures 1 and 3-8; column 6, lines 50-64; column 9,

Application/Control Number: 09/164,777                                                    Page 5
Art Unit: 2161

- lines 40-50; column/line 11/60-12/27; column/line 13/65-14/52;
  column 15, lines 37-49)

- a license that contains predetermined information (column 10, lines
  60-67; column 11, lines 1-24)

- storing a license record in non-volatile memory (column 12, lines 8-
  27)

- comparing licenses to determine validity and restricting the
  program's operations if a license is determined to be invalid
  (column 14, lines 30-51)

- encryption using an identification of a computer that is a unique key
  (column 15, lines 37-49)

Regarding the storage of encrypted licenses, Misra et al. teach licenses
that are encrypted using a unique key as they are placed in storage (column 8,
lines 35-52). Therefore, it would have been obvious to one of ordinary skill of the
art to allow user nodes to store licenses in encrypted form for additional security.
In addition, as Misra et al. implement their system using various computer
system memory such as RAM (e.g. volatile), ROM (which houses a BIOS),
portable and hard disk memory (column 5, lines 37-67) it would have been
obvious to perform encryption processes using the appropriate memory given the
characteristics of the target system (figures 1 and 2). Misra et al. also teach

ANCORA_00000426

encryption keys and programs ("agent") used in the license collation process that belong to various parties (column 8, lines 35-52; column 15, lines 37-54). Therefore, it would have been obvious to one of ordinary skill of the art to store these keys in non-volatile memory as these keys are used to securely communicate between and identify parties, as well as access encrypted data.

Misra et al., however, do not teach pseudo-unique keys nor constructing license records within a computer BIOS. Goldman et al. teach pseudo-unique keys (abstract) while, Ewertz et al. teach of expanding BIOS memory to store identification and/or configuration data such as software licenses (column 3, lines 15-40; column/line 11/3-12/14). Therefore, it would have been obvious for one of ordinary skill of the art to combine the teachings of Misra et al., Goldman et al. and Ewertz et al.. Recall, Ewertz et al. teach of expanding non-volatile memory (e.g. BIOS) ('639, column 3, lines 15-40) for maintaining data such as software licenses. Hence, it would have been obvious to one of ordinary skill to use the BIOS to store licenses in the Misra et al. system as they teach of users storing license data in persistent- non-volatile storage ('146, column 12, lines 8-27). Also pseudo unique keys can be issued, on a temporary basis (say), ('951, abstract), to encrypt licenses ('146, column 13, lines 42-48). This allows a client to access secured data without comprising the security of the larger system.

Application/Control Number: 09/164,777                                    Page 7
Art Unit: 2161

### *Conclusion*

8.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure:

- Edenson et al. teach a system for protecting copyrighted program

  material using a BIOS

- Fette et al. teach a programmable radio and operating software in

  accordance with a license

- Steinberg et al. teach software branding

- Smith et al. teach a system for distributing, registering and purchasing

  software over a network using an agent program embedded in each

  software application

9.      Any inquiry concerning this communication or earlier communications from

the Examiner should be directed to Calvin Loyd Hewitt II whose telephone

number is (703) 308-8057. The Examiner can normally be reached on Monday-

Friday from 8:30 AM-5:00 PM.

        If attempts to reach the Examiner by telephone are unsuccessful, the

Examiner's supervisor, James P. Trammell, can be reached at (703) 305-9768.

ANCORA_00000428

Application/Control Number: 09/164,777                                    Page 8
Art Unit: 2161

Any response to this action should be mailed to:

Commissioner of Patents and Trademarks

c/o Technology Center 2100

Washington, D.C. 20231

or faxed to :

(703) 746-7239 (for formal communications intended for entry),

(703) 746-7238 (for after-final communications),

or:

(703) 746-7240 (for informal or draft communications, please label

"PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121

Crystal Drive, Arlington, VA, Sixth Floor (Receptionist).

Any inquiry of a general nature or relating to the status of this application

should be directed to the Group receptionist whose telephone number is (703)

305-3900.

Calvin Loyd Hewitt II                                Hyung Sub Sough
January 7, 2002                                       Primary Examiner

| | **Notice of References Cited** | Application/Control No. | | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|---|---|
| | | 09/164,777 | | MULLOR ET AL. | |
| | | Examiner | | Art Unit | |
| | | Calvin L Hewitt II | | 2161 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-5,479,639-A | 12-1995 | Ewertz et al. | 395 | 430 |
| | B | US-6,189,146-A | 02-2001 | Misra et al. | 717 | 11 |
| | C | US-6,067,582-A | 05-2000 | Smith et al. | 710 | 5 |
| | D | US-6,000,030 | 12-1999 | Steinberg et al. | 713 | 200 |
| | E | US-6,052,600-A | 04-2000 | Fette et al. | 455 | 509 |
| | F | US-6,198,875-A | 03-2001 | Edenson et al. | 386 | 94 |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MEPP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                     **Notice of References Cited**                     Part of Paper No. 12

ANCORA_00000430

Please type a plus sign (+) inside this box [+]

PTO/SB/08A (08-00)

Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | *Complete if Known* | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 09/164,777 |
| | Filing Date | October 1, 1998 |
| | First Named Inventor | Miki MULLOR et al. |
| *(use as many sheets as necessary)* | Group Art Unit | 2161 |
| | Examiner Name | J. Trammell |
| Sheet | 1 | of | 2 | Attorney Docket Number | 39636-176166 |

OIPE
NOV 14 2001
PATENT & TRADEMARK OFFICE

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Document | | Name of Patentee or Applicant of Cited Document | Date of Publication of Cited Document MM-DD-YYYY | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | Number | Kind Code[2] *(if known)* | | | |
| | | 5,754,763 | | Bereiter | 5/19/1998 | |
| | | 5,758,068 | | Brandt et al. | 5/26/1998 | |
| | | 5,790,664 | | Coley et al. | 8/4/1998 | |
| | | 5,758,069 | | Olsen | 5/26/1998 | |
| | | 5,905,860 | | Olsen et al. | 5/18/1999 | |
| | | 5,390,297 | | Barber et al. | 2/14/1995 | |
| | | 6,173,446 | | Khan et al. | 1/9/2001 | |
| | | 4,903,296 | | Chandra et al. | 2/20/1990 | |
| | | 6,298,138 | | Gotoh et al. | 10/2/2001 | |
| | | 6,192,475 | | Wallance | 2/20/2001 | |
| | | 6,272,636 | | Neville et al. | 8/7/2001 | |
| | | 6,055,503 | | Horstmann | 4/25/2000 | |
| | | 6,073,256 | | Sesma | 6/6/2000 | |
| | | 6,006,190 | | Baena-Arnaiz et al. | 12/21/1999 | |
| | | 6,078,909 | | Knutson | 6/20/2000 | |
| | | 6,243,468 | | Pearce et al. | 6/5/2001 | |
| | | 6,189,146 | | Misra et al. | 2/13/2001 | |
| | | 5,671,412 | | Christiano | 9/23/1997 | |
| | | 5,826,011 | | Chou et al. | 10/20/1998 | |
| | | 6,023,763 | | Grumpstrup et al. | 2/8/2000 | |

RECEIVED
Technology Center 2100
NOV 16 2001

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document | | | Name of Patentee or Applicant of Cited Document | Date of Publication of Cited Document MM-DD-YYYY | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|---|---|
| | | Office[3] | Number[4] | Kind Code[5] *(if known)* | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Examiner Signature | | Date Considered | 1/03/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Unique citation designation number. [2] See attached Kinds of U.S. Patent Documents. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.


VENABLE
ATTORNEYS AT LAW

ANCORA_00000431

Please type a plus sign (+) inside this box → [+]

PTO/SB/08A (08-00)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | *Complete if Known* | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | Application Number | 09/164,777 |
| | Filing Date | October 1, 1998 |
| | First Named Inventor | Miki MULLOR et al. |
| | Group Art Unit | 2161 |
| | Examiner Name | J. Trammell |
| Sheet | 2 | of | 2 | Attorney Docket Number | 39636-176166 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Document Number | Kind Code[2] (if known) | Name of Patentee or Applicant of Cited Document | Date of Publication of Cited Document MM-DD-YYYY | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | 6,226,747 | | Larsson et al. | 5/1/2001 | |
| | | 6,128,741 | | Goetz et al. | 10/3/2000 | |
| | | 4,924,378 | | Hershey et al. | 5/8/1990 | |
| | | 5,386,369 | | Christiano | 1/31/1995 | |
| | | 6,233,567 | | Cohen | 5/15/2001 | |
| | | 4,866,769 | | Karp | 9/12/1989 | |
| | | 6,021,438 | | Duvvoori et al. | 2/1/2000 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

RECEIVED
NOV 16 2001
Technology Center 2100

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Office[3] | Number[4] | Kind Code[5] (if known) | Name of Patentee or Applicant of Cited Document | Date of Publication of Cited Document MM-DD-YYYY | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T₆ |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPE 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Unique citation designation number. [2] See attached Kinds of U.S. Patent Documents. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.


VENABLE
ATTORNEYS AT LAW

ANCORA_00000432