**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., | |
| Plaintiff, | CIVIL ACTION NO. 1:20-CV-00034-ADA |
| v. | |
| LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC., | JURY TRIAL DEMANDED |
| Defendants. | |
| ANCORA TECHNOLOGIES, INC., | |
| Plaintiff, | CIVIL ACTION NO. 1:20-CV-00034-ADA |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S
*DAUBERT* MOTION TO EXCLUDE AND STRIKE
<u>CERTAIN OPINIONS OFFERED BY MR. ROBERT MILLS</u>**

# PUBLIC VERSION

T<small>ABLE OF</small> C<small>ONTENTS</small>

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARDS ....................................................................................... 1

III.    ARGUMENT ....................................................................................................... 2

        A.      Mr. Mills's Opinions Relying on Samsung's E-FOTA Should Be
                Excluded as Untimely. .......................................................................... 2

                1.      Samsung's E-FOTA is not important evidence. ......................... 2

                2.      LGE is prejudiced by Ancora's Late Disclosure. ...................... 3

                3.      Ancora cannot show good cause for its failure to disclose
                        Samsung's E-FOTA and a continuance would reward Ancora's
                        late disclosure. .......................................................................... 4

        B.      Mr. Mills's Per-Update Theory Should Be Excluded. ........................... 4

                1.      Mr. Mills's per-update theory is based on a flawed understanding
                        of infringement that facilitates unreliable damages calculations. .............. 4

                2.      Mr. Mills's Reliance on ███████████████ is Improper. .......... 6

        C.      Mr. Mills's Per-Unit Theory Should be Excluded. ............................... 7

IV.     CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC*,
    782 F. Supp. 2d 667 (N.D. Ill. 2011) ..........................................................................4, 6

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ...............................................................................................1

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) ...............................................................................6

*Johnson v. Arkema, Inc.*,
    685 F.3d 452 (5th Cir. 2012) ..................................................................................1

*Katrinecz v. Motorola Mobility*,
    No. A-12-CV-235-LY, 2014 WL 12160772 (W.D. Tex. Aug. 11, 2014)..............................2

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
    382 F.3d 546 (5th Cir. 2004) ..................................................................................2

**RULES**

FED. R. CIV. P.
    33(d)....................................................................................................................3
    37(c)(1) ...............................................................................................................2

FED. R. EVID. 702 ..........................................................................................................1, 10

## I.      INTRODUCTION

Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") move to exclude certain unreliable opinions offered by Plaintiff Ancora Technologies, Inc.'s damages expert, Mr. Robert Mills (Ex. A, "Mills Report").  Mr. Mills offers opinions on what damages Plaintiff is purportedly owed under two theories:  (1) a "per-update" theory, which is based on the alleged number of successfully installed updates by each accused product (Ex. A, ¶¶ 210–12); and (2) a defective "per-unit" theory based on the number of sales of accused products (*Id.*, ¶¶ 185–209).  As discussed herein, both theories are flawed in their conclusions and premised on unreliable information such that they should be excluded.  The Court should assume its gatekeeping role now rather than allowing the jury to consider damages theories and evidence that is disconnected from the facts and circumstances of this case.

## II.     LEGAL STANDARDS

Rule 702 bars expert testimony unless:  (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case."  FED. R. EVID. 702.  Rule 702 assigns to the trial judge the task of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (discussing Fed. R. Evid. 702).  "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's reasoning or methodology can be properly applied to the facts in issue."  *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (internal quotations and citations omitted).  "The reliability prong mandates that expert opinion be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief."  *Id.*

## III.    ARGUMENT

### A.    Mr. Mills's Opinions Relying on Samsung's E-FOTA Should Be Excluded as Untimely.

Mr. Mills's opinion—to the extent that it relies on Samsung's E-FOTA technology—should be excluded because this theory was never disclosed to LGE during fact discovery. Ancora never disclosed Samsung's E-FOTA or its price—let alone that Mr. Mills intended to rely upon it. Nor had it been disclosed that Samsung's E-FOTA is a comparable service to LGE's OTA update functionality. To be clear, LGE did not learn that Ancora was taking the position that Samsung's E-FOTA was in any way comparable or even relevant to LGE's OTA update functionality until Ancora served its expert reports *after* the close of fact discovery.

A party may not use at trial information that was not timely disclosed during discovery unless such failure to disclose is "substantially justified or harmless." FED. R. CIV. P. 37(c)(1); *see also Katrinecz v. Motorola Mobility*, No. A-12-CV-235-LY, 2014 WL 12160772, at *3 (W.D. Tex. Aug. 11, 2014). The Fifth Circuit evaluates four factors to determine if an error is harmless: (1) "the importance of the evidence;" (2) "the prejudice to the opposing party of including the evidence;" (3) "the possibility of curing such prejudice by granting a continuance;" and (4) "the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546 (5th Cir. 2004).

#### 1.    Samsung's E-FOTA is not important evidence.

Samsung's E-FOTA is primarily relied upon in Mr. Mills's alternate per-update theory for damages and is one of four purported indicators of value for the '941 Patent. Ex. A, ¶ 194. Ancora also never referenced Samsung's E-FOTA during discovery, underscoring its lack of importance.

That being said, Ancora had plenty of opportunities to disclose this information to LGE. During fact discovery, LGE served no less than six interrogatories seeking factual information in

2

support of Ancora's damages theory or theories—specifically, Interrogatory Numbers 6–9 and 23–24.  Ex. B (Ancora's 2nd Supp. Responses to LGE's 1st Set of Rogs); Ex. C (Ancora's 1st Supp. Reponses to LGE's 3rd Set of Rogs).  In particular in Interrogatory No. 6, LGE sought all facts related to "any assessment of potential monetary or other damages that could be recovered as a result of this lawsuit. . . ."  *Id.*  In response, Ancora envoked Rule 33(d) and identified only ***four*** documents: ██████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████.  *Id.*

Relatedly, in LGE's Interrogatory No. 23, LGE sought Ancora's complete factual basis for damages, including establishing a royalty.  Ex. C.  In response, Ancora stated that it could not yet state the full amount of damages it sought, it identified the damages period, incorporated various other documents, and again envoked Rule 33(d)—this time identifying over ***300*** documents.  Not one of these approximately ***300*** documents identified Samsung's E-FOTA—let alone any information that would provide LGE with any indication that Ancora intended to rely upon Samsung's E-FOTA.

## 2.    *LGE is prejudiced by Ancora's late disclosure.*

Mr. Mills relies on a $12 "list price" for Samsung's E-FOTA and an $8 discount price because Samsung's E-FOTA is "very comparable" to LGE's accused functionalities.  Ex. A, ¶¶ 169–70, 205, 207.  Similar to the arguments made in LGE's Motion to Strike Certain Opinions Offered by Dr. David Martin, LGE has not been afforded any opportunity to conduct discovery on Samsung's E-FOTA.  Consequently, at this late stage in the case, LGE cannot adequately test Mr. Mills's opinions as they relate to Samsung's pricing or technical information related to E-FOTA.

LGE has similarly been denied the opportunity to analyze how the LGE OTA update functionalities compete with Samsung products compatible with E-FOTA. Accordingly, if Ancora were permitted to assert at trial that E-FOTA was a comparable technology to LGE's OTA update functionalities, LGE would be severely prejudiced by Ancora's lack of timely disclosure.

### 3. *Ancora cannot show good cause for its failure to disclose Samsung's E-FOTA and a continuance would reward Ancora's late disclosure.*

Ancora has been aware of Samsung's E-FOTA since at least November 2020 when it served Mr. Mills's original damages expert report on Samsung. *See* Dkt. No. 133-4 ("Expert Report of Robert Mills Regarding Samsung"). After serving its damages expert report on Samsung, Ancora served LGE with at least two supplemental interrogatory responses in December 2020 that included responses regarding Ancora's damages theories against LGE. Ex. B; Ex. C. Ancora clearly knew of Samsung's E-FOTA and that it would likely rely on Samsung's E-FOTA as a comparable functionality. Accordingly, any reliance on Samsung's E-FOTA should be excluded as untimely.

Moreover, a continuance to conduct additional discovery would not cure the prejudice to LGE. If anything, a continuance would reward Ancora because Ancora could reevaluate LGE's confidential information with the benefit of hindsight.

### B. Mr. Mills's Per-Update Theory Should Be Excluded.

### 1. *Mr. Mills's per-update theory is based on a flawed understanding of infringement that facilitates unreliable damages calculations.*

Mr. Mills's calculation of damages is flawed from the outset and should be excluded because it is based on actions not contemplated by the Asserted Patent. "[E]vidence based upon a mistaken construction of a patent is irrelevant." *Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC*, 782 F. Supp. 2d 667, 673 (N.D. Ill. 2011).

In its Supplemental Claim Construction Order (Dkt. No. 93), the Court construed the last

limitation of claim 1—"acting on the program according to the verification" ('941 Patent at 7:4)—to have its "plain and ordinary meaning, wherein the step of 'acting on the program' may include, but is not limited to, 'restricting the program's operation with predetermined limitations, informing the user on the unlicensed status, halting the operation of the program under question, and asking for additional user interactions." Dk. No. 93 at 28. The Court expressly noted that it "cannot find support that the term has an associated positive action" and that "[t]he only specific 'acting' actions disclosed by the specification are negative." *Id.* at 27. A "construction allowing for ***positive*** 'acting' actions is incorrect." *Id.* at 28 (emphasis added). In its Supplemental Claim Construction Order, the Court precluded positive—or successful—actions from the scope of claim 1.

Yet Mr. Mills contradicts the Court's construction in characterizing his understanding of what constitutes infringement, *compare* Ex. A, ¶¶ 45, 47, 150–51 *with* Dkt. No. 93 at 28, because applying a construction using "successful" or "positive" actions to his per-update theory vastly inflates the number of purportedly infringing actions.

- For the LGE mobile devices, Mr. Mills states that the claims of the '941 Patent are practice, in part, "███████████████████████████████." Ex. A, ¶¶ 45, 150 (emphasis added).

- Likewise, for the accused LGE TVs, Mr. Mills understands that the claims of the '941 Patent are practiced, in part, ███████████████████████████████ ███████████████████████." *Id.*, ¶¶ 47, 151 (emphasis added).

Both of these actions are distinctly "positive" actions that facilitate the expert's reliance on a vastly inflated royalty base for his "per-update" theory.

The expert's focus on "successful" installations leads him to rely on data that is wholly disconnected from the facts of this case. For LGE's mobile devices, Mr. Mills estimates that ███ ███ software updates were successfully installed between ███████████████████ ███. Ex. A, ¶ 210. The mobile device estimate is also based on the expert's assumption that ███ of users downloaded and installed an update within ████████ after receipt of the update. *Id.*,

¶ 158.  However, this ███ is arbitrarily derived from █████████ *data*.  *Id.*  Mr. Mills fails to explain how data from ██████████ is reliable when evaluating user downloads and updates from ███████████ except to say that █████████████████████ *Id.*, ¶¶ 158–59.

For LGE's TVs, the expert continues to make unreliable assumptions when arriving at his estimates.  Indeed, Mr. Mills estimates that █████████ software updates were installed between ██████████████████████, but bases his per-update royalty on █████████████████ ██████, which matches the number of accused units.  Ex. A, ¶¶ 163, 210.  Despite recognizing that █████████████████████████████████████, Mr. Mills—again without explanation—assumes that █████████████████████ ████████████████████████████.  *Id.*, ¶¶ 164–65.

Ultimately, Mr. Mills' per-update calculation of damages is based on an unsupported and speculative estimation that █████████████████████████████████ █████████████████████████████████████████ between ███████████████ ██████████.  Ex. A at ¶¶ 158, 163, 210.  The expert's estimation as to the number of updates is not supported by evidence and invites error based on speculation designed to increase the damages calculation.  *See* Ex. A, ¶¶ 210–12.  The calculation should be excluded as unreliable.

### 2.   *Mr. Mills's reliance on the* ████████████████████

Mr. Mills's reliance on the █████████████████ is improper because he failed to consider the circumstance under which it was entered.  *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (stating that use of past licenses must account for the "economic circumstances of the contracting parties").  By way of background:

- Ancora entered into an "Alliance Agreement" with ████████████████████████ ████████████████.  Ex. A, ¶¶ 10, 93–97; *see also* Ex. D ██████████████).  Mr. Mills states that ██████████████████████████████████████ Ex. A, ¶¶ 10, 94.

- 

  ███████ . *Id.*, ¶ 95; *see also* Ex. D.

When offering opinions as to the hypothetical negotiation between the parties in this case, Mr. Mills disregards inconvenient facts. First, he applies ████████████ to his per-update analysis as if LGE were similarly situated to ████ . He makes no effort to account for the differences in circumstances. Second, Mr. Mills relies solely on Ancora's corporate representative—Mr. Miki Mullor—for the proclamation that ████████████████

████████████████████████████

████████ *Id.*, ¶ 96. Mr. Mills does not identify any provision in ████████████ in support of that conclusion, and will not be able to do so as the ████████████ states on its face that ████████████████ *See* Ex. D. Third, Mr. Mills does not take into account that any party to a hypothetical negotiation with Ancora in 2012 would have known that ████████████████████

████████ . Ex. A, ¶ 95. In fact, Mr. Mills admits that ████████████████

████████████████████████████ *Id.*

Ultimately, the expert's failure to consider these differences between the ████████ ████████ and the hypothetical license in this case is improper, and it would be error to let the jury consider such evidence. The expert testimony directed to this Agreement should be excluded.

### C. Mr. Mills's per-unit theory should be excluded.

Mr. Mills bases his "per-unit" theory on a number of "royalty rate indicators"— specifically, indicators that are categorized as either an "indication of value" or an "indicated per-unit royalty." Ex. A, ¶ 194. The identified "indications of value" are: ████████

████████████████████████████

████████ and (4) "Samsung E-FOTA."  *Id.*  As discussed below, each of these "indicators" is based on unreliable representations for the accused technology, purely speculative projections, or improperly apportioned calculations.  As with the per-update theory, Mr. Mills's "per-unit" theory (*Id.*, ¶¶ 210–12) should be excluded.

1.   ████████████████████████████

In determining a reasonable royalty for the alleged infringement, Mr. Mills heavily relies on ████████████████ established by a prior assignee of the '941 Patent, Beeble, Inc. ("Beeble").  Ex. A, ¶¶ 8, 194.  Mr. Mills looked to ████████████████████████ ██████████████████████████████████████████████ ████████████████ and in particular, adopted ████████████████ ████████████████████████████████████████.  *Id.*, ¶ 192.  The ████████████ royalty rate for ████████████████ is adopted wholesale by Mr. Mills and adopted as an "indicator" in his value analysis, but there is an absence of real-world support for this figure.  The evidence instead demonstrates that this royalty rate is aspirational and not tied to any circumstance that the parties would face here during the hypothetical negotiation.

████████████████████████████████████████████████— 9 years before any hypothetical negotiation—████████████████████████ ████████████████████████████████ *Id.*, ¶¶ 191–92. ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ *Id.*, ¶ 191. ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████   *Id.*  Mr. Mills further relies on statements from ████████████████

8

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████.   *Id.*,   ¶¶   192,   192   n.378.   (citing   Ex.   E   at   ANCORA_00048189

(ANCORA_00048029–199, "Mullor Apple Depo. Tr.")).

Ultimately ████████████████████████████ are not representative of what

LGE   would   agree   to   pay   to   Ancora   at   the   time   of   the   hypothetical   negotiation.    In   those

circumstances, Ancora would discount ████████████████████████████████

██████████████████████████████████████████████████████████

████████████.   *Id.*, ¶ 8.  Mr. Mills fails to provide any explanation as to why a party to

any   hypothetical   negotiation   with   Ancora   would   enter   into   any   license   agreement   based   on █

████████████████████████████████████.

2.   ***Ancora's expectations regarding*** ████████████████████████.

The next two intertwined "indications of value" are based on Ancora's ██████████

████████████████████████████.  Ex. A, ¶¶ 190, 194.  Mr. Mills opines that

Ancora considered ████████████████████████████████████████

██████████████.   *Id.*, ¶ 190.  At that time, Ancora and █████████████████

████████████████████████   ██████████████████████████████████

██████████████.   *Id.*  Mr. Mills opines that ██████████████████████

██████████████████████████████████████████████████████████

████████████████████████████.   *Id.*

Next, Mr. Mills relies on testimony from Mr. Mullor that ██████████████████

████████████████████████████.   *Id.* (citing Ex. E at ANCORA_00048189).

Mr. Mullor does not provide any support for why ██████████████████████████

 and does not recall how ▮

▮ Ex. E at ANCORA_00048189.

Mr. Mills ignores that any parties to a hypothetical negotiation with Ancora would discount

▮ . *Id.*, ¶¶ 10, 95.  Even though Ancora claims the terms of the ▮

▮, Mr. Mills fails to provide any explanation why a party

to any hypothetical negotiation with Ancora would enter into any license agreement based on ▮

▮ . *Id.*, ¶¶ 95–96.

###### 3. *Samsung E-FOTA.*

Mr. Mills predominantly relies on Dr. Martin for the premise that E-FOTA is ▮

▮ to LGE's OTA update functionalities.  Ex. A, ¶ 169.  In LGE's contemporaneously

filed Motion to Exclude Certain Opinions Offered by Dr. David Martin, LGE points out the

contradictions and inaccuracies in the determination that Samsung's E-FOTA is ▮

▮ to LGE's OTA update functionalities.  For the reasons articulated there explaining

that the functionalities are not comparable, Mr. Mills's reliance on Samsung's E-FOTA as a

"royalty rate indicator" should be excluded.

## IV.    CONCLUSION

For the foregoing reasons, the above-identified opinions of Mr. Mills should be excluded

under Rule 702 the Federal Rules of Evidence as unreliable and extremely prejudicial.

Date:  March 31, 2021                                Respectfully submitted,

                                                    */s/ Elizabeth M. Chiaviello*

                                                    Winstol D. Carter, Jr.
                                                    Texas Bar No. 03932950
                                                    winn.carter@morganlewis.com
                                                    Thomas R. Davis
                                                    Texas Bar No. 24055384
                                                    thomas.davis@morganlewis.com
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1000 Louisiana Street, Suite 4000
                                                    Houston, Texas 77002-5006
                                                    T. 713.890.5000
                                                    F. 713.890.5001

                                                    Collin W. Park
                                                    collin.park@morganlewis.com
                                                    District of Columbia Bar No. 470486
                                                    Natalie A. Bennett
                                                    natalie.bennett@morganlewis.com
                                                    Illinois Bar No. 6304611
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1111 Pennsylvania Avenue, NW
                                                    Washington, D.C. 20004-2541
                                                    T. 202.739.3000
                                                    F. 202.739.3001

                                                    Elizabeth M. Chiaviello
                                                    Texas Bar No. 24088913
                                                    elizabeth.chiaviello@morganlewis.com
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1717 Main Street, Suite 3200
                                                    Dallas, Texas 75201-7347
                                                    T. 214.466.4000
                                                    F. 214.466.4001

                                                    **Attorneys for Defendants LG Electronics
                                                    Inc. and LG Electronics U.S.A., Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record who have appeared in this case via electronic mail per Local Rule CV-5.

/s/ *Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello