**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANCORA TECHNOLOGIES, INC.,** §  | |
| *Plaintiff* §  | |
| §  | **1-20-CV-00034-ADA** |
| **-vs-** §  | |
| §  | |
| **LG ELECTRONICS, INC., LG ELECTRONICS** §  | |
| **U.S.A., INC.,** §  | |
| *Defendants* §  | |

**ORDER**

Before the Court is Plaintiff Ancora Technologies, Inc.'s ("Ancora") Motion for intra-district transfer to transfer this case from the Austin Division of this District back to the Waco Division pursuant to 28 U.S.C. § 1404(a). ECF #230. After considering the parties' arguments in their briefs and applicable law, the Court is of the opinion that Ancora's Motion should be GRANTED.

## I.      BACKGROUND

On June 21, 2019, Ancora filed this patent-infringement action against LG Electronics Inc., and LG Electronics U.S.A., Inc. (collectively, "LGE") in the Western District of Texas, Waco Division. ECF #1. On October 25, 2019, LGE filed an Answer, in which LGE stated that it "do[es] not contest the propriety of venue at this time and for this action only." ECF #18 at 14. On December 8, 2019, the Court consolidated this case with a related case Ancora filed in the Waco Division against two Samsung entities. ECF #27. On January 9, 2020, at Sumsung's request, Ancora, Sumsung, and LGE jointly stipulated to transfer the consolidated case to the Austin Division of this District (ECF #33), which the Court granted (ECF #34). After the case was transfer to Austin, Ancora and Samsung settled their disputes and the Court dismissed

Samsung from this case on May 17, 2021. ECF #255, 260. However, the disputes between Ancora and LGE remains and was schedule for jury trial on June 7, 2021 in the Austin courthouse.

Several months after the case was transferred to the Austin division, the Covid-19 pandemic began in the United State in March 2020. Due to the Covid-19 pandemic, the Austin courthouse has remained closed and no jury trial has been held there since then. To this day, it is still unclear when the Austin courthouse will be open for jury trial. Seeing that the June 2020 jury trial cannot be held in the Austin courthouse, Ancora filed a motion on April 23, 2021 to transfer this case back to the Waco Division so that jury trial can be held in the Waco courthouse in June 2021. ECF #230. On April 30, 2021, LGE filed a Response opposing the transfer (ECF #239) and Ancora filed its Reply on May 3, 2021 (ECF #241).

## II.    LEGAL STANDARD

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). It is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers. *See*, *e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.").

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate

motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)). A motion for transfer, whether intra- or inter-district, involves a two-step analysis: (1) whether the case could have been properly brought in the forum to which transfer is sought and (2) whether transfer would promote the interest of justice and/or convenience of the parties and witnesses. *Radmax*, 720 F.3d 285, 288; *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc).

The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "Volkswagen I") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

## III.   DISCUSSION

Ancora originally brought this case against LGE in the Waco Division and LGE did not contend that venue was improper in the Waco Division. Thus, the Court finds that this case could have been brought in the Waco Division. However, LGE contends that this case should not be

transferred from the Austin Division back to the Waco Division for two main reasons: (1) LGE relied on the parties' stipulation to transfer the case to the Austin Division, and (2) several of the *Volkswagen* factors weigh against transfer.

### A. The Parties' Stipulation for Original Transfer to the Austin Division Does Not Preclude Retransferring the Case Back to the Waco Division

LGE contends that the terms of the joint stipulation to transfer the case to Austin "were carefully negotiated between counsel" and LGE has a strong reliance on the stipulation. ECF #239 at 1-2. Specifically, LGE contends that the stipulation was based on the understanding that "it would '*not contest venue in exchange for a transfer to the Austin Division*'" and that "LGE would not have agreed to this language *but for* Ancora's consent to transfer the case to the Austin Division." *Id*. at 2 (emphasis in original). However, before LGE entered the stipulation with Ancora in January, 2020, it had already stated in its Answer filed on October 25, 2019 that it "do[es] not contest the propriety of venue at this time and for this action only." ECF #18 at 14. Thus, the Court is not persuaded that LGE's decision to not contest venue is solely based on the parties' stipulation.

LGE further contends that it has "spent extensive amounts of resources preparing this case for trial in the Austin courthouse." ECF #239 at 1. However, LGE does not point out particularly which part of its trial preparation is specifically for trial in the Austin courthouse, and those preparation cannot be equally used for trial in the Waco courthouse. LGE did not provide any evidence that it has made any travel plans such as flight or hotel reservations for trial in the Austin courthouse. Further, LGE should not have made any travel plans for trial in the Austin courthouse since it should be aware that the Austin courthouse is closed for jury trial in June 2021 – if not by monitoring the Austin Division's constantly updated Order Relating to Entry Into the United States Courthouse Austin, it received such notice from Ancora's motion to

transfer filed on April 23, 2021, more than a month before the originally scheduled trial date of June 7, 2021.

Similarly, the Court is not persuaded by LGE's argument that the issue can be addressed by "a short continuance" because "it is foreseeable that trial in Austin is a possibility in the near future." ECF #239 at 4.  Although the United States has made a good process in controlling the spread of the Covid-19 in the past several months, there is no evidence that shows the Austin courthouse will be open for jury trial in the near future. Even if the Austin courthouse reopens later this summer, there is no evidence that this case can be scheduled for jury trial in the Austin courthouse in the near future given the backlog of jury trials caused by the longtime closure of that courthouse.

As this Court has stated when transferring the *VSLI v Intel* case back to the Waco Division, the Covid-19 pandemic presents a quintessential "unusual and impelling circumstance" that justifies transferring a case from a closed courthouse to an open one. *See VLSI v. Intel*, Case No. 6:19-CV-00254-ADA, ECF #352 at 7. As the Fifth Circuit stated in *In re Cragar Indus., Inc*, "[w]hen such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case." 706 F.2d 503, 505 (5th Cir. 1983).

### B.  The *Volkswagen* Factors Favor Transfer

The parties are in agreement that five of the public and private factors are neutral and are only in dispute with the following three factors: (i) the cost of attendance for willing witnesses; (ii) all other practical problems that make trial of a case easy, expeditious and inexpensive; and (iii) the administrative difficulties flowing from court congestion. ECF # 230, 239.

> i.    *"Cost of attendance for willing witnesses"*

This district has recognized that "[t]he convenience of party witnesses is given little weight." *SynKloud Techs., LLC v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 84953, 2020 WL 2494574, at *13 (W.D. Tex. May 14, 2020) (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.,* 2010 U.S. Dist. LEXIS 27903, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010)).

LGE contends that its fact witnesses will either be traveling from Korea or a domestic location that will require flying to Texas and that they would need to fly into Austin or Dallas and then rent a car to travel to the courthouse for trial. ECF #239 at 7-8. However, LGE does not specifically point out how it will be inconvenient for its witnesses if the trial happens in the Waco courthouse. If anything, if the witnesses fly into Dallas, which has a larger airport and more international flights than Austin, the witnesses will need to drive almost as half as much to the Waco courthouse than to the Austin courthouse. Further, LGE does not dispute that hotels in Waco would be cheaper than hotels in Austin in general. *Id*. at 9. It does not make Austin a cheaper venue than Waco by the fact that only one of LGE's technical experts lives in Austin and has to drive to Waco if the trial is held in the Waco courthouse. *See, e.g., Waldeh v. Tackett*, 2020 WL 6324319, at *2 (W.D. Tex. Oct. 27, 2020) ("[T]he convenience of experts . . . is not a recognized factor in conducting the § 1404 analysis.").  Therefore, the Court finds that this factor favors transfer, or is neutral at the minimum.

> ii.    *"All other practical problems that make trial of a case easy, expeditious and inexpensive"*

As discussed above, the Austin courthouse has been closed for jury trial since the Covid-19 pandemic began in March 2020 and remains closed in the foreseeable future. And even if the Austin courthouse opens in the near future, there is no guarantee that jury trial for this case can

be scheduled in the Austin courthouse in the foreseeable future in light of the backlog of other jury trials caused by the longtime closure. By contrast, the Waco courthouse has conducted multiple in-person jury trials in the pandemic, including five jury trials in 2021 alone. The Waco Division has the experience and capability to conduct jury trials safely and efficiently in the pandemic. Consequently, this case can only move forward in the Waco courthouse in the near future. Therefore, the Court finds that this factor strongly favors transfer.

### iii.   *"Administrative difficulties flowing from court congestion"*

As the parties are aware, this Court is extremely busy and has at least one trial scheduled every month from now through 2022 and delaying one trial means moving another. Continuing this case, as proposed by LGE, will not alleviate the busy schedule of this Court, or help with the Austin Division's trial schedules once it opens to try cases that have been delayed for over a year because of the pandemic. As such, the Court finds that this is one of those "rare and special circumstances" where "a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Thus, the Court finds that this factor also weighs in favor of transfer.

### IV.   CONCLUSION

In view of the foregoing, the Court finds that Plaintiff Ancora's Motion to Transfer under § 1404(a) should be and hereby is **GRANTED**. The Court ORDERS that this case be **TRANSFERRED** back to the Waco Division.

SIGNED this 2nd day of June, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE